BALDWIN *v.* T. G. CONWAY Co., Limited, *et al.*

*(Circuit Court, S. D. New York.   July 10, 1888.)*

PATENTS FOR INVENTIONS — PATENTABILITY—INFRINGEMENT— POLICE NIPPERS.

Letters patent No. 152,182, issued January 7, 1874, to Alexander P. Baldwin, for "improvements in police nippers," substituting smooth, straight bars for the links of the chain in the nippers ordinarily used prior thereto, which pass through the fingers of the officer's hand, so that in twisting the chain to adapt the nippers to prisoners having small hands or wrists, it will not pinch or injure the officer's fingers, are not invalid for want of novelty, and are infringed by letters patent issued May 6, 1884, to Edward D. Bean, for nippers having the same device of smooth, straight bars for passing between the fingers, but differing therefrom in providing in the handle or cross-bar at one end of the chain a recess to receive the handle on the other end, thus interlocking them.

Bill in Equity.   Infringement of letters patent.

*G. G. Frelinghuysen,* for complainant.

*John H. Kitchen,* for defendants.

WALLACE, J.   Infringement is alleged of letters patent No. 152,182, dated July 7, 1874, granted to Alexander P. Baldwin, for "improvements in police nippers," an article which is a substitute for the ordinary handcuff used by police officers and others to secure prisoners. The invention consists essentially of a flexible band or chain, having levers adapted for twisting the chain, so as to reduce the area of the loop formed when the levers are held in the hand, and thus increase the pressure upon the wrist of the prisoner; the levers being provided with a rigid central bar for preventing injury to the hand of the officer using the nippers.   The advantages of the improvement over the nippers previously in use, and the details of construction, are thus described in the patent:

"In constructing police nippers it is customary to take a small chain of suitable length, and attach to each end of it a cross-bar similar to those used on chain halters and trace chains.   When nippers thus made are used, the links of the chain are brought between the fingers of the policeman, and tend to hurt the fingers more or less, thus preventing his keeping as firm a hold as is necessary; and this is increased when it becomes necessary to twist the chain, and is generally the case more or less, in order to adapt the nippers to prisoners having small hands or wrists.   To obviate this difficulty I construct the nippers as shown in the drawing.   As there shown, I make the cross-bar, B, of the usual form; but instead of forming an eye at its center for attaching the chain, C, I form it at a short bar, D, projecting at right angles from its inner side, and connect the chain to the end of this cross-bar, B, as shown in the drawing.   It will be seen that with this improvement the liability of injury of the hand or fingers of the officer is obviated, as in using it the smooth, straight bars, D, are brought between the fingers when grasping the cross-bar, B, as is the custom in using them; and if it be necessary to twist the chain, the twisting must necessarily take place beyond the end of the bars, D, thus leaving the latter straight and smooth between the fingers."

The defendants are manufacturers of police nippers made conformably to a patent granted May 6, 1884, to Edward Davis Bean.   It is entirely

clear that these nippers embody the device of the complainant's patent; but the cross-bar or handle at one end of the chain is provided with a recess which receives the handle at the other end of the chain, whereby the handles are interlocked. It may be that Bean's device is an improvement upon the device of the complainant's patent, which is the proper subject of a patent; but, however this may be, it is certainly an infringement of the patent.

The defense relied upon is want of patentable novelty in the device of the complainant's patent. The devices which were well known prior to the date of Baldwin's invention are illustrated by two exhibits, which are referred to in the proofs as "Exhibit E" and "Exhibit Tower's Catalogue." In Exhibit E the chain is attached to the handle by a link longer and larger than the remaining links of the chain, such link passing through a bulge or projection upon the under side of the cross-bar forming the handle, projecting outwardly about a quarter of an inch. In the Exhibit Tower's Catalogue the cross-bar or handle has a similar but less decided projection upon the under side, and the link connecting the chain with the handle is longer than the link in Exhibit E, and is formed with more constrictive sides. Both exhibits show a nipper in which the action of the link between the fingers is one of more or less play, and is likely to pinch and injure the fingers of the person using it. One of the witnesses, a police officer, in describing the use of such nippers, testifies that on one occasion the hand of the prisoner whom he had arrested was covered with blood, and he was arraigned at the complaint of a person who supposed that he had cruelly used the prisoner; but it turned out that the officer was the only person injured, and the nippers had taken a piece out of his fingers where the chain had caught, and the prisoner's wrist had thereby become covered with blood. This witness and others testify that it was common to have the fingers lacerated by the chain in using the nippers. Nevertheless, such nippers were used from 1866 to 1872, before the introduction of the patented article, and were used extensively; and the circumstance that no one seems to have thought of the apparently simple change in the form of the handle made by Baldwin, together with the immediate recognition of its utility as soon as his device was introduced, attest that what he did was not such an obvious thing as it may now seem, and not destitute of the fertility of thought which is entitled to rank as invention. The defendants have introduced a patent granted August 10, 1869, to Phillips, as also illustrating the prior state of the art. The police nippers of this patent belong to a different class from those in controversy, and this exhibit is of no appreciable value upon the question of patentable novelty. A decree is ordered for the complainant.